**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ruben Roman BAHENA, Defendant–Appellant.**

No. 03–2901.

United States Court of Appeals, Seventh Circuit.

Argued July 6, 2004.

Decided July 8, 2004.

Carole J. Ryczek, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Keri A. Ambrosio, Chicago, IL, for Defendant–Appellant.

Before POSNER, EASTERBROOK, and KANNE, Circuit Judges.

### Order

Ruben Bahena, a career criminal, received a sentence of 262 months' imprisonment following his guilty plea to an indictment charging him with possession (with intent to distribute) of more than five kilograms of cocaine. He asked the district judge to reduce his offense level under the Sentencing Guidelines, contending that as a courier he was only a minimal participant in the offense. But the judge declined, properly so, for *United States v. Ward,* 144 F.3d 1024, 1036 (7th Cir.1998), holds that minor- and minimal-participant reductions under U.S.S.G. § 3B1.2 are unavailable to career offenders.

In this court Bahena contends that the district judge misunderstood him. He wanted a downward departure under U.S.S.G. § 5K2.0 rather than a minimal-participant reduction under § 3B1.2. This is a feeble argument, for two reasons. First, Bahena's lawyer did not clearly articulate such an argument in the district court and therefore has forfeited the point. (Section 5K2.0 was mentioned in a pre-sentencing memorandum but never in open court; counsel did not focus the judge's attention on the issue. Thus the judge was entitled to think that Bahena wanted an adjustment under § 3B1.2 rather than a departure.) Second, departures under § 5K2.0 are designed for situations that the Sentencing Commission did not cover. 18 U.S.C. § 3553(b). We held in *Ward* that whether career offenders may receive minor- or minimal-participant reductions was addressed and resolved by the Sentencing Commission. A defendant's (or district judge's) disagreement with that resolution does not justify a departure. Nor does it help to characterize this request as one based on a combination of factors rather than just the accused's limited role in the offense. Cf. *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). That line of argument, too, was not articulated at sentencing and does not hold water in any event. The only other circumstance on which Bahena relies is a belief that the Guidelines' calculation overstates the seriousness of his criminal history. See U.S.S.G. § 4A1.3. The district judge did not think so; neither do we.

Just before oral argument, Bahena filed a supplemental brief contending that *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), implies that the Sentencing Guidelines violate the sixth amendment by withholding critical decisions from the jury. Bahena,

who pleaded guilty, is not well situated to say that he has been deprived of his right to a jury. Moreover, his argument does not depend at all on *Blakely*. He does not contend, as Blakely did, that his sentence was increased by virtue of a fact neither admitted by the defendant nor submitted to a jury for decision. A quantity of drugs *was* alleged in this indictment, and Bahena pleaded guilty to the charge. Ever since *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have insisted that indictments allege, and prosecutors be prepared to prove beyond a reasonable doubt, the quantities of drugs that determine statutory maximum sentences. See *United States v. Nance*, 236 F.3d 820 (7th Cir.2000). Five kilograms, which this indictment alleged, raises the maximum lawful sentence to life imprisonment. 21 U.S.C. § 841(b)(1)(A)(ii). The written plea agreement says that the prosecutor and Bahena agree that the actual quantity of cocaine Bahena possessed was 35 kilograms. That admission suffices under *Blakely* to support a sentence.

 It became clear at oral argument that the new argument, though purportedly based on *Blakely*, boils down to a contention that Bahena should be excused because he thought that he was transporting marijuana rather than cocaine. This is not a sixth amendment argument; it is a challenge to the adequacy of the plea's factual basis under Fed.R.Crim.P. 11, or perhaps to the adequacy of the plea colloquy. Such an argument could have been raised earlier but was not; Bahena did not move to withdraw his plea and did not contend that a 262–month sentence is outside the range that could be justified by the facts to which he has admitted. This line of argument is not new by any means and has been forfeited. We do not perceive any plain error. Because *Blakely* is irrelevant to this case, and because Bahena has forfeited any arguments under Rule 11 and *Apprendi* itself, it is unnecessary to decide in this appeal what effect *Blakely* may have on the Sentencing Guidelines.

Affirmed.